Indictment for possession of liquor; from Clayton superior court
—Judge Hutcheson.   October 4, 1924.

*H. A. Allen,* for plaintiff in error.

---

### 15997.   PUTMAN *v.* THE STATE.

A conviction of an attempt to make whisky was not authorized by the evidence.   (BROYLES, C. J., dissents.)

DECIDED JANUARY 15, 1925.

Indictment for manufacture of liquor; from Murray superior
court—Judge Tarver.   September 27, 1924.

Huston Putman was indicted with his sons Ed and Oscar, and
was found guilty of "an attempt to manufacture whisky."   The
sons pleaded guilty.   From the evidence it appeared that the sons
lived with the father, and that a still was operated by the sons at a
place in the woods, about a quarter of a mile from where they
lived.   A neighbor testified:   "I went up to Mr. Putman's (the
defendant's) home and asked him to have it [the still] moved, and
he said he would when he could, and I says, 'If you can't have it
moved, I can,' and he says, 'I want your friendship,' and I says,
'If you want my friendship, keep that thing out from under my
door;' that he could run it under his own as long as he wanted to
and I wouldn't bother him, and he asked for a permit until the
next morning at daylight to move it, and I went over there then
and it was gone, but I don't know who moved it.   .   .   Mr. Put-
man, the defendant, said he didn't know whose still it was.   .   .
The boys were down there at work.   .   .   His boys were under
age.   .   .   He said the boys was running it, that it was not him,
—said he had been quarreling with them about it, but he said he
would move it.   .   .   Mr. Putman never said whether he knowed
about the still or not.   .   .   I said, 'What do you want to stick it
under me for?'   And he says, 'Uncle Bud, it was the boys.   You
know I would have more sense.'   I asked the boys what they were
doing when I went up to it, and they said, 'making syrup,' they
guessed."   The defendant, in his statement at the trial, said:   "I'll
tell you how it was.   My boys slipped out a half a bushel of meal
and got out there with a little old outfit and tried to make some
whisky, and Mr. Burkes told me about it, and I went and kicked

it out and destroyed it, and gave them a whipping and sent them back to the house.   I did not know anything about it, only the way they were acting."

*W. E. & W. G. Mann,* for plaintiff in error.

*J. M. Lang, solicitor-general,* contra.

BROYLES, C. J.   The judgment of the majority of this court is that the record contains no evidence authorizing the verdict.   The writer does not concur in that judgment.

*Judgment reversed. Luke and Bloodworth, JJ., concur. Broyles, C. J., dissents.*

---

### 15861.  BANK OF EMANUEL *v.* HALL, for use, etc.

BELL, J.   1.   In a suit by a depositor against a bank, upon certificates of deposit issued by the bank to him or his agent, the plaintiff made a prima facie case of liability by proof of the execution and delivery of the certificates as alleged.   *Atlanta Trust Co.* v. *Close,* 115 *Ga.* 939 (1). Where in such case the defendant bank sought to rebut the inference of liability by the testimony of the cashier and of the assistant cashier and bookkeeper, each of whom claimed to have personal knowledge of the subject-matter of their testimony, and the testimony of one tended to show that the transactions represented by the certificates were rescinded, and that of the other that the certificates were wholly without consideration from their inception, there was such inconsistency or conflict in their evidence that the question of the credit to be given to each of them was a matter for determination by the jury.   Thus, irrespective of whether the defendant's plea was sufficient to let in the defense or defenses sought to be asserted, and of whether the testimony of each of the witnesses was otherwise of such character as to be inherently subject to discredit in the minds of the jury, it can not be held as a matter of law that the prima facie case made in the plaintiff's favor was conclusively rebutted.   See *Neill* v. *Hill,* 32 *Ga. App.* 381 (2) (123 S. E. 30); *Redd* v. *Lathem,* 32 *Ga. App.* 214 (1) (123 S. E. 175); *Blackwell* v. *Dannenberg Co.,* 32 *Ga. App.* 307 (123 S. E. 179).

2.   A transcript of the testimony taken under the authority of the superintendent of banks in some inquiry within his department, from a witness who was not introduced in the trial of the present controversy, and was not a party thereto, was not admissible in evidence under any of the provisions of the act of August 16, 1919, creating the State banking department (Ga. L. 1919, p. 135; Park's Code Supp. 1922, § 2263 (a) et seq.), and providing among other things that reports of the superintendent of banks and certain reports of banks made to him may, for some purposes, be admissible in evidence.

3.   The evidence authorized the finding for the plaintiff in the sum sued